# UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

| | |
|---|---|
| DONNA MICHAEL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 8:12-cv-00359-JFM |
| FULTON FRIEDMAN & GULLACE LLP, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ANSWER OF FF&G**

As and for its Answer to Plaintiff's Complaint, Fulton Friedman & Gullace, LLP ("FF&G") states and alleges as follows:

1.  FF&G admits the Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA") but denies any allegations are contained in the Complaint which allege that relief is available to the Plaintiff under the Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act or the Md. Ann. Code Commercial Law Consumer Practices Act.  Furthermore, as no allegations are made in paragraph 1 of the Plaintiff's Complaint against FF&G, it is denied.

2.  In response to paragraph 2 of Plaintiff's Complaint, FF&G admits jurisdiction pursuant to 15 U.S.C. §1692k, 28 U.S.C. §1331, but deny this Court maintains jurisdiction pursuant to 28 U.S.C. §1367.

3.  FF&G admits Plaintiff is a natural person as alleged in paragraph 3 of Plaintiff's Complaint, and further admits, upon information and belief that she resides in Rockville, Md.

4.  FF&G lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of Plaintiff's Complaint and therefore denies.

5.  In response to paragraphs 5 and 6 of Plaintiff's Complaint, FF&G admits that for some but not all purposes it is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and a collector as that term is defined by MD Coml. § 14-201(b).

6.  FF&G admits paragraph 7 of Plaintiff's Complaint.

7.  In response to the allegations set forth in paragraph 8 of Plaintiff's Complaint, FF&G denies its principal purpose is the collection of debts, and affirmatively asserts it is a law firm. FF&G admits that in the course of its law practice, it regularly attempts to collect debts alleged to be due to its clients.

8. FF&G admits so much of paragraph 9 of Plaintiff's Complaint that alleges that FF&G communicated with Plaintiff on or after one year before the date of this action in connection with a debt, but denies it communicated with others about the debt, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

9. FF&G admits paragraph 10 of Plaintiff's Complaint.

10. In response to paragraphs 11 and 12 of Plaintiff's Complaint, FF&G states that the letter speaks for itself, and thus those paragraphs are denied.

11. In response to paragraph 13 of Plaintiff's Complaint FF&G states that the statute speaks for itself, and thus that paragraph is denied.

12. FF&G denies paragraph 14 of Plaintiff's Complaint.

13. FF&G admits receipt of correspondence from the Plaintiff dated June 18, 2011 and accepted June 21, 2011 as alleged in paragraph 15 of Plaintiff's Complaint. Because the correspondence speaks for itself, the remaining allegations contained in paragraph 15 of Plaintiff's Complaint are denied.

14. In response to paragraphs 16 of Plaintiff's Complaint FF&G states that the statute speaks for itself, and thus that paragraph is denied.

15. FF&G denies paragraph 17 of Plaintiff's Complaint.

16. FF&G admits receipt of correspondence from the Plaintiff as alleged in paragraph 18 of Plaintiff's Complaint, but is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 18 of Plaintiff's Complaint, and thus denies them.

17. FF&G denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

18. FF&G admits it filed suit against the Plaintiff as alleged in paragraph 20 of Plaintiff's Complaint, but is without knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 20 of Plaintiff's Complaint, and thus denies them.

19. FF&G denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

20. All allegations not specifically admitted herein are denied.

### FF&G's First Affirmative Defense

21. Failure to state a claim upon which relief may be granted.

**FF&G's Second Affirmative Defense**

22. If FF&G is determined to be liable it asserts that any violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. See, 15 U.S.C. §1692k(c).

**FF&G's Third Affirmative Defense**

23. Plaintiff lacks standing to sue.

WHEREFORE, FF&G requests that Plaintiff's Complaint be dismissed in its entirety.

Date: March 12, 2012

Fulton Friedman & Gullace LLP

_/s/_____
Megan E. Gullace, Esq.
Scott Whiteman, Esq.
Attorneys for FF&Gs Fulton Friedman &
Gullace, LLP and Christopher I. Moylan
7350 B Grace Drive
Columbia, MD 21044
megan@fultonfriedman.com
scott@fultonfriedman.com
866-563-0809